UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKILLNET SOLUTIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ENTERTAINMENT PUBLICATIONS, LLC, a Delaware LLC, and DOES 1-10,<br><br>    Defendants. | Case No.: C 11-4865 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 46)** |

On March 20, 2012, the court granted Plaintiff Skillnet Solutions, Inc. ("Skillnet") leave to seek reconsideration of that part of the court's March 2, 2012 order granting Defendant Entertainment Publications, LLC's ("Entertainment") motion to transfer venue to the Eastern District of Michigan. In its March 2, 2012 order,[1] the court found that although Entertainment had removed the case to this court,[2] the forum selection provision in the parties' contract – which specified a Michigan venue – supported Entertainment's venue challenge. Skillnet moves for

---

[1] Docket No. 40 (Order Denying Motion to Dismiss and Granting Motion to Transfer Venue) ("March 2 Order").

[2] Proper removal to federal court fulfills the venue requirements of 28 U.S.C. § 1441(a) and generally resolves any improper venue objection under Fed. R. Civ. P. 12(b)(3). *See, e.g., Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A. Inc.*, 118 F. Supp. 2d 997, 999-1000 (C.D. Cal. 2000); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A.*, 125 F. Supp. 2d. 1008, 1013 (N.D. Cal. 2000); *Black v. JCPenny Life Ins. Co.*, No. C 01-4070 SI, 2002 WL 523568, at *2 (N.D. Cal. Apr. 1, 2002).

reconsideration based on the Michigan Supreme Court's rejection of pre-dispute, contractual venue selection clauses in *Omne Financial, Inc. v. Shacks, Inc.*[3] Cited for the first time in Skillnet's request for leave to seek reconsideration, the court in *Omne* held unenforceable a contractual provision establishing venue for a potential cause of action arising after a contract is executed.[4] The court reasoned that in the absence of any legislative action providing for parties to agree to venue in advance, venue in Michigan is governed by the applicable statutory provisions.[5] The court thus declined to enforce the agreement as to venue, which conflicted with the statutory scheme for venue and would have limited the trial court's authority to order a change of venue under the court rules.[6]

Skillnet argues that under *Omne*, the venue selection clause that this court found to be determinative is unenforceable and must be stricken pursuant to the severability provision contained in the parties' Services Agreement. That provision provides in relevant part:

> If, but only to the extent that, any provision of this Agreement is found to be illegal, unenforceable, or void, then both parties shall be relieved of all obligations arising under such provision, it being the intent and agreement of the parties that this Agreement shall be deemed amended by modifying such provision to the extent necessary to make it legal and enforceable while preserving its intent. If that is not possible, another provision that is legal and enforceable and achieves the same objective shall be substituted.[7]

The venue selection clause is contained within Section 16E of the purchase orders ("POs"). Section 16E reads:

---

[3] 460 Mich. 305 (1999).

[4] *See id.* at 317.

[5] *Id.* at 311-313 (distinguishing legislative treatment of venue from that of personal jurisdiction for which Michigan statute permits parties to contractually agree in advance).

[6] *See id.* at 317.

[7] *See* Docket No. 7 (Periard Decl. in Support of Def.'s Mot. To Dismiss or Transfer Venue), Ex. A, Art. 6, Sec. 6.7 (Services Agreement).

> This PO Contract shall be construed and controlled by the laws of the State of Michigan and Vendor [Skillnet] consents to exclusive jurisdiction and venue in the federal and state courts located in or nearest to Oakland County, Michigan. Vendor waives all defenses of lack of personal jurisdiction and forum non conveniens.[8]

Entertainment responds that *Omne* may be read narrowly to apply to a state court action in which the agreed-upon venue is inconsistent with the state venue statutes. Because the parties' agreement in this case is consistent with the applicable venue statute, Entertainment argues that the venue provision should not be stricken. If the court decides otherwise, however, Entertainment argues that the appropriate result would be to strike only those parts of Section 16E that relate to venue.[9] With the jurisdictional and choice of law clauses still intact, Entertainment argues that the court may dismiss the action or independently determine venue to be proper within Michigan and to order the case transferred accordingly.

After careful consideration, the court agrees with Skillnet that, under Michigan law, the holding in *Omne* precludes enforcement of a contractual venue selection clause that establishes venue for causes of action that may arise after the contract is executed. Although the concurring justices in *Omne* would have set a narrower precedent only applicable when the contractual arrangement interferes with the court's ability to enforce the statutory provision addressing transfer motions in actions brought in an improper venue,[10] the plurality's holding is unequivocal as to venue selection provisions. The *Omne* court does not disturb, however, the enforceability of contractual forum selection provisions, and is actually careful to distinguish between venue and

---

[8] *See* Docket No. 7, Exs. H and I (Purchase Order(s)).

[9] If stricken according to Entertainment's argument, Section 16E would read:
> This PO Contract shall be construed and controlled by the laws of the State of Michigan and Vendor [Skillnet] consents to exclusive jurisdiction ~~and venue~~ in the federal and state courts located ~~in or nearest to Oakland County,~~ Michigan. Vendor waives all defenses of lack of personal jurisdiction and forum non conveniens.

[10] *See* 460 Mich. 305, 317-18 (Corrigan, J., concurring).

3

Case No.: 11-4865 PSG
ORDER

jurisdiction as the basis for forum.[11] Michigan courts since *Omne* have disregarded venue selection clauses[12] but have continued to enforce forum selection clauses, as declarations of consent to exclusive jurisdiction in a particular forum.[13]

As noted above, the venue selection clause at issue is contained in Section 16E of the parties' POs, which is a provision that also establishes forum and choice of law. Under Skillnet's reading of the severability provision in the overarching Services Agreement, the unenforceability of the venue selection provision renders Section 16E of the POs void in its entirety. Skillnet relies on a portion of Section 6.7 of the Services Agreement, which states "to the extent that, any provision of this Agreement is found to be illegal, unenforceable, or void, then both parties shall be relieved of all obligations arising under such provision." Yet Skillnet ignores the second half of the same sentence, which continues, "it being the intent and agreement of the parties that this Agreement shall be deemed amended by modifying such provision to the extent necessary to make it legal and enforceable while preserving its intent."[14] Read plainly and in its entirety,[15] the meaning of this sentence leaves little doubt that the parties are not obligated to comply with a void

---

[11] *See id.* at 312 (citing Mich. Compiled Laws 600.711(2), which provides that under certain circumstances, "[i]f the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action").

[12] *See, e.g.*, *Shiroka v. Farm Bureau General Ins. Co. of Mich.*, 276 Mich. App. 98, 103 (2007) (finding "without merit" defendant's argument that the contractual venue provision is controlling, because "Michigan precedent establishes that 'contractual provisions establishing venue for potential causes of action that may arise after the contract is executed are unenforceable'") (quoting *Omne Financial*, 460 Mich. 305, 317)).

[13] *See, e.g.*, *Turcheck v. Amerifund Financial, Inc.*, 272 Mich. App. 341, 345 (2006) ("It is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions.") (citing *Offerdahl v. Silverstein*, 224 Mich. App. 417, 419 (1997)).

[14] *See* Docket No. 7, Ex. A, Art. 6, Sec. 6.7.

[15] The entire sentence in Section 6.7 states: "If, but only to the extent that, any provision of this Agreement is found to be illegal, unenforceable, or void, then both parties shall be relieved of all obligations arising under such provision, it being the intent and agreement of the parties that this Agreement shall be deemed amended by modifying such provision to the extent necessary to make it legal and enforceable while preserving its intent."

or unenforceable provision of the agreement, but that such provision should be modified to the extent necessary to make it enforceable while preserving its intent.

There is no basis in law or in the contractual language to strike those portions of Section 16E that pertain to acceptance of exclusive jurisdiction in the Michigan courts. Under the terms of the severability provision of the Services Agreement, rather than be stricken in its entirety, Section 16E should be modified to preserve both intent and enforceability, as suggested by Entertainment.[16] With the jurisdictional language intact, and for the reasons set forth in its March 2 Order, the court finds the forum selection clause – excluding the specific venue language – to be valid and enforceable.

Skillnet's motion for reconsideration is DENIED. This case should be transferred to the Eastern District of Michigan without further delay.

**IT IS SO ORDERED.**

Dated:   5/14/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] This reading also is consistent with the express terms of the POs, Section 16I of which states, "Severability. If any term of any PO Contract is invalid or unenforceable for any reason, such term shall be deemed reformed or deleted only to the extent necessary to comply with the applicable law, and the remaining provisions shall remain in full force and effect." Docket No. 7, Exs. H and I (Purchase Order(s)).